11-2693-ag
Huang v. Holder

BIA
Verrillo, IJ
A088 740 922

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of April, two thousand twelve.

PRESENT:
            RALPH K. WINTER,
            ROBERT A. KATZMANN,
            RICHARD C. WESLEY,
                  Circuit Judges.
_____

YIT PIEW HUANG,
            *Petitioner,*

            v.                                          11-2693-ag
                                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONER:        BENJAMIN B. XUE, Law Offices of
                       Benjamin B. Xue, P.C., New York, NY

FOR RESPONDENT:        KILEY L. KANE, Trial Attorney,
                       Office of Immigration Litigation,
                       Civil Division (Tony West, Assistant
                       Attorney General, John S. Hogan,
                       Senior Litigation Counsel, *on the
                       brief*), *for* Eric H. Holder, Jr.,
                       United States Attorney General,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yit Piew Huang, a native and citizen of Malaysia, seeks review of a June 10, 2011 decision of the BIA, affirming the September 2, 2009 decision of Immigration Judge ("IJ") Philip Verrillo, pretermitting his claim for asylum and denying withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yit Piew Huang*, No. A088 740 922 (B.I.A. Jun. 10, 2011), *aff'g* No. A088 740 922 (Immig. Ct. N.Y. City Sept. 2, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case. The applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

The agency reasonably found that the harm Huang alleged—being attacked and punched by schoolchildren when he was eight or nine years old and his overnight flight to the jungle—is insufficient to rise to the level of persecution. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d

2

Cir. 2006) Huang's alleged harm did not occur while he was detained or his liberty was restricted in any way, did not require medical attention, and did not cause any lasting physical effect. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (per curiam).

As Huang has failed to demonstrate past persecution or allege any additional basis for a well-founded fear of persecution, the agency did not err in finding he had not demonstrated an objective likelihood of future persecution, particularly given the ability of Huang and his family to remain in Malaysia for roughly thirty years without harm. *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"); *see also Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). Finally, because Huang was unable to show the objective likelihood of future persecution needed to make out a withholding of removal claim, he is necessarily unable to meet the higher standard to succeed on a claim for CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

3

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
